IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      No. CR 18-03890 JB

JOSE RAMIREZ and IAN SMALL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Ian Small's *Sealed* [sic] Objections to the Presentence Investigation Report and Sentencing Memorandum, filed August 14, 2024 (Doc. 153)("Objections"). Sentencing in this matter will take place on September 16, 2024. See Minute Order, filed September 11, 2024 (Doc. 157). The primary issues are: (i) whether Defendant Ian Small has objected properly to the facts in ¶¶ 46-48, at 10, of the United States Probation Office's Presentence Investigation Report ¶¶ 46-48 at 10, filed April 12, 2024 (Doc. 133)("PSR"); (ii) whether the Court should grant the Plaintiff United States' Notice of Request for an Evidentiary Hearing at Sentencing, filed August 28, 2024 (Doc. 154)("Request for Evidentiary Hearing") to give the parties an opportunity to address Small's Objections; (iii) whether the Court should overrule Small's Objections regarding ¶ 46, at 10, because the United States has proven, by a preponderance of the evidence, that a ransom demand was made during John Doe's kidnapping; (iv) whether the Court should overrule Small's Objections regarding ¶ 47, at 10, because the United States has proven, by a preponderance of the evidence, that John Doe suffered permanent or life-threatening injury as a result of the kidnapping; and (v) whether the Court should overrule Small's Objections regarding ¶ 48, at 10, because the United

States has proven, by a preponderance of the evidence, that a dangerous weapon was used during the kidnapping. Having reviewed carefully the parties' arguments, relevant law, and applicable facts, the Court: (i) concludes that Small has not objected properly to the PSR's factual statements; (ii) grants the Request for Evidentiary Hearing and will allow the United States and Small to present evidence regarding the PSR's factual statements relating to ¶¶ 46-48, at 10; (iii) overrules Small's Objections regarding ¶ 46, at 10, because, based on the current record, the United States has proven -- by a preponderance of the evidence, see United States v. Magallanez, 408 F.3d 672, 685 (10th Cir. 2005)(McConnell, J.) -- that a ransom demand was made during John Doe's kidnapping; (iv) overrules Small's Objections regarding ¶ 47, at 10, because, based on the current record, the United States has proven -- by a preponderance of the evidence -- that John Doe suffered permanent or life-threatening injury as a result of the kidnapping; and (v) overrules Small's Objections regarding ¶ 48, at 10, because, based on the current record, the United States has proven -- by a preponderance of the evidence -- that a dangerous weapon was used during the kidnapping.

## **ANALYSIS**

The Court first must consider whether Small's Objections sufficiently challenge the PSR's alleged facts. Rule 32(i)(3) provides:

> (3) **Court Determinations.** At sentencing, the court:
>
> (A) may accept any undisputed portion of the presentence report as a finding of fact;
>
> (B) must -- for any disputed portion of the presentence report or other controverted matter -- rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and
>
> (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of

Prisons." Fed. R. Crim. P. 32(i)(3). "If a defendant properly objects to a fact in a PSR, 'the government must prove that fact at a sentencing hearing by a preponderance of the evidence.'" United States v. McDonald, 43 F.4th 1090, 1096 (10th Cir. 2022)(quoting United States v. Harrison, 743 F.3d 760, 763 (10th Cir. 2014)). To trigger the Court's rule 32 fact-finding obligations, a defendant must make "'*specific allegations* of factual inaccuracy' rather than challenging only 'the ultimate conclusions in the [PSR]' or 'the inferences to be drawn' from the facts." United States v. Conley, 89 F.4th 815, 821 (10th Cir. 2023), cert. denied, 144 S. Ct. 1381, (2024)(quoting United States v. Barnett, 828 F.3d 1189, 1192-93, 1195 (10th Cir. 2016))(emphasis in United States v. Barnett). "[T]he test is whether the district court was adequately alerted to the issue." United States v. Harrison, 743 F.3d at 763. "In other words, the defendant must assert that the facts alleged in the PSR are false." United States v. McDonald, 43 F.4th at 1096 n.3. See United States v. McDonald, 43 F.4th at 1096-97 (objections that challenge the credibility of the government's source without "claim[ing] that the facts contained in the [PSR] are untrue" or that "merely contest the legal conclusions to be drawn from the facts" are insufficient under rule 32).

Small's Objections do not assert that the PSR's factual statements are false. The PSR asserts: (i) "[a] ransom demand was made, warranting a 6-level increase under §2A4.1(b)(1)," PSR ¶ 46 at 10; (ii) "[t]he victim sustained permanent or life-threatening bodily injury, warranting a 4-level increase under §2A4.1(b)(2)(A)," PSR ¶ 47 at 10; and (iii) "[a] dangerous weapon was used, warranting a 2-level increase under §2A4.1(b)(3)," PSR ¶ 48 at 10. Small objects to: (i) "paragraph 46 regarding a ransom demand and requests a hearing during which the Government would have to establish that this enhancement applies to him and his conduct"; (ii) "paragraph 47 regarding the extent and scope of injuries and requests a hearing during which the government would have to establish that this enhancement applies to him and his conduct"; and (iii) "paragraph

48 to the applicability to him and his conduct and requests a hearing and that the government have to establish these enhancements under the evidentiary burden." Objections at 1. Instead of "assert[ing] that the facts alleged in the PSR are false," United States v. McDonald, 43 F.4th at 1096 n.3, these Objections merely identify three enhancements and request that the government further establish that those enhancements apply to Small. Accordingly, Small has not objected properly to the PSR's facts. Because, however, the United States requests an evidentiary hearing, see Request for Evidentiary Hearing at 1, the Court grants the United States' request, and will allow the United States and Small to present evidence regarding the PSR's factual statements relating to ¶¶ 46-48, at 10.

Based on the current record, which are the undisputed facts stated in the PSR, the Court, the United States Probation Office ("USPO"), and the United States agree that the challenged enhancements apply to Small. See Addendum to Presentence Report at 1-2, filed June 3, 2024 (Doc. 149)("PSR Addendum"). Regarding ¶ 46, at 10, the USPO correctly maintains that the §2A4.1(b)(1) enhancement applies to Small "even if co-conspirator Jose Ramirez was the one who made the ransom demand." PSR Addendum at 1. Small is accountable for Ramirez' actions that are (i) within the scope of their jointly undertaken criminal activity; (ii) in furtherance of that criminal activity; and (iii) reasonably foreseeable in connection with that criminal activity. See U.S.S.G. § 1B1.3(a)(1)(B). Small admits that he and Ramirez "accosted John Doe at gunpoint in the driveway of his house," "struck John Doe in the face with a firearm and pointed the firearm at John Doe to take John Doe's truck," and "then kidnapped John Doe, blindfolded him, and put him in the bed of his truck." Plea Agreement ¶9 at 5, filed February 20, 2024 (Doc. 121)("Plea Agreement"). It is reasonably foreseeable that, to further a kidnapping's goals, a co-conspirator will demand a ransom. See United States v. Williams, No. CR. 17-2556 JB, 2020 WL 4016108,

at *15 (D.N.M. July 16, 2020)(Browning, J.)(applying 4-level enhancement where, "[i]n an enterprise that involved controlling and using women's bodies, it was reasonably foreseeable that" a co-Defendant "would assault women he was forcing to do sex work to ensure their subservience"); United States v. Benally, No. CR 14-3430 JB, 2015 WL 7814678, at *1, *8 (D.N.M. Nov. 20, 2015)(Browning, J.)(applying the U.S.S.G. § 2A2.2(b)(2)(B) enhancement "to a defendant who d[id] not use the weapon that his or her co-Defendant use[d] to commit an assault" where it was "reasonably foreseeable" to the defendant "that his co-Defendants might use the weapon in the assault"); U.S.S.G. § 1B1.3 n.3(D)(a defendant is accountable for his co-defendant's actions if they are "reasonably foreseeable in connection with that criminal activity (given the nature of the offense)")(emphasis added).[1] It is undisputed that Small kidnapped John Doe. Accordingly, Small is accountable for any ransom demand that either Small or Ramirez made during that kidnapping.

The same logic holds for Small's other objections. Regarding ¶ 47, at 10, Small admits that he accosted Doe at gunpoint, struck Doe in the face with a firearm, and kidnapped Doe. See

---

[1]In the commentary to § 1B1.3, the Sentencing Commission further provides:

For example, two defendants agree to commit a robbery and, during the course of that robbery, the first defendant assaults and injures a victim. The second defendant is accountable for the assault and injury to the victim (even if the second defendant had not agreed to the assault and had cautioned the first defendant to be careful not to hurt anyone) because the assaultive conduct was within the scope of the jointly undertaken criminal activity (the robbery), was in furtherance of that criminal activity (the robbery), and was reasonably foreseeable in connection with that criminal activity (given the nature of the offense.)

U.S.S.G. § 1B1.3 n.3(D). Thus, even if Small asserts that he did not know that Ramirez would demand a ransom or that he told Ramirez not to demand a ransom, Small is still accountable for the ransom demand. The same is true for Small's other Objections. An assertion that Small told Ramirez not to injure Doe severely, or that Small told Ramirez not to use a dangerous weapon, does not persuade the Court that the enhancements in ¶¶ 47, at 10, and 48, at 10, are improper.

Plea Agreement ¶ 9, at 5.  An assertion that Small is not responsible for Doe's injuries, because, aside from Small's admitted assault, only Ramirez assaulted Doe during the kidnapping does not persuade the Court that the ¶ 47, at 10, enhancement is improper.  Even if Ramirez, not Small, is mainly responsible for Doe's injuries, such injuries are (i) within the scope of their jointly undertaken criminal activity; (ii) in furtherance of that criminal activity; and (iii) reasonably foreseeable in connection with that criminal activity.  See U.S.S.G. § 1B1.3(a)(1)(B).  Regarding ¶ 48, at 10, Small admits that a dangerous weapon -- a firearm -- was used in the crime's commission.  See Plea Agreement ¶ 9, at 5.  For the same reasons, an assertion that Ramirez, not Small, brought or primarily used the firearm does not persuade the Court that the ¶ 48, at 10, enhancement is improper.  Accordingly, the Court overrules Small's Objections.  Should Small introduce evidence contradicting the PSR's factual statements and the United States fails to support the PSR's factual statements -- by a preponderance of the evidence -- at the September 16 hearing, the Court may have to sustain Small's objections.

Arguments regarding Ramirez' actions will not cure the Objections' deficiencies.  Instead, Small must introduce evidence that challenges: (i) the PSR's factual statements, i.e., whether there was a ransom demand, whether the victim sustained permanent or life-threatening injuries, and/or whether Small and/or Ramirez used a dangerous weapon; and/or (ii) the scope of relevant conduct for which Small is accountable under U.S.S.G. § 1B1.3(a)(1)(B).

**IT IS ORDERED** that: (i) Defendant Small has not objected properly to the facts in ¶¶ 46-48, at 10, of the United States Probation Office's Presentence Investigation Report ¶¶ 46-48 at 10, filed April 12, 2024 (Doc. 133)("PSR"); (ii) the Court grants the Plaintiff United States' Notice of Request for an Evidentiary Hearing at Sentencing, filed August 28, 2024 (Doc. 154); (iii) on the basis of the PSR's factual statements, the Court overrules Defendant Ian Small's *Sealed* [sic]

Objections to the Presentence Investigation Report and Sentencing Memorandum, filed August 14, 2024 (Doc. 153); and (iv) the Court will entertain any other sentencing-related arguments at the sentencing hearing.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Alex M. M. Uballez
  United States Attorney
Samuel A. Hurtado
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jason Bowles
Bowles Law Firm
Albuquerque, New Mexico

    *Attorneys for the Defendant*